UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE FRAZEE,<br>            Plaintiff,<br>    v.<br>MARIN COUNTY JAIL,<br>            Defendant. | Case No. 14-cv-01590-JSC<br><br>**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 1 |

      Plaintiff Julie Frazee, proceeding pro se, brings this action against Marin County Jail in connection with her son's suicide during his incarceration in April 2013. (Dkt. No. 1.) The Court previously granted Plaintiff's application to proceed in forma pauperis. (Dkt. No. 4.) Now before the Court is Plaintiff's Complaint, which the Court is required to review pursuant to 28 U.S.C. § 1915(e)(2).

**DISCUSSION**

      Under 28 U.S.C. § 1915, the Court has a continuing duty to dismiss any case in which a party is proceeding in forma pauperis if the Court determines that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. § 1915(e)(2); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact."). Upon dismissal, pro se plaintiffs proceeding in forma pauperis must be given leave to "amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Franklin v. Murphy*, 745 F.2d 1221, 1235 n.9 (9th Cir. 1984) (internal citations and quotation marks omitted); *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1988); *Breier v. N. Cal. Bowling Proprietors'*

*Ass'n*, 316 F.2d 787, 790 (9th Cir. 1963).

Under Federal Rule of Civil Procedure 8(a)(2), "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." This rule "require[s] that the pleading ... give[ ] the opposing party fair notice of the nature and basis or grounds of the claim and a general indication of the type of litigation involved." *Immigrant Assistance Project of Los Angeles Cnty. Fed'n of Labor (AFL-CIO) v. I.N.S.*, 306 F.3d 842, 865 (9th Cir. 2002) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1215 (2d ed. 1990)). "[A]lthough pro se pleadings are construed liberally, even pro se pleadings "must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Doe v. Fed. Dist. Court*, 467 F. App'x 725, 727 (9th Cir. 2012) (internal quotation marks omitted).

The Court concludes that Plaintiff's Complaint fails to state a claim because it does not state under what law she brings her claim against Defendant and therefore does not show she is entitled to relief. Accordingly, the Court DISMISSES Plaintiff's Complaint under Section 1915(e)(2) without prejudice. Plaintiff may file an Amended Complaint, but must do so no later than July 28, 2014. Plaintiff is warned that her failure to file an Amended Complaint by this date may lead to dismissal of her complaint with prejudice.

Plaintiff may wish to seek assistance from the Legal Help Center, a free service of the Volunteer Legal Services Program, by calling 415-782-8982, or by signing up for an appointment on the 15th Floor of the Federal Courthouse in San Francisco, 450 Golden Gate Avenue, San Francisco, California. At the Legal Help Center, Plaintiff will be able to speak with an attorney who may be able to provide basic legal help but not representation. Information about the Legal Help Center is available at http://www.cand.uscourts.gov/helpcentersf .

**IT IS SO ORDERED.**

Dated: June 23, 2014

*Jacqueline S. Corley*
JACQUELINE SCOTT CORLEY
United States Magistrate Judge