UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE FRAZEE,<br><br>    Plaintiff,<br><br>v.<br><br>MARIN COUNTY JAIL,<br><br>    Defendant. | Case No. 14-cv-01590-JSC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 25 |

Plaintiff Julie Frazee, proceeding pro se, brings this action against Defendant Marin County Jail in connection with her son's suicide during his incarceration at the jail in April 2013. Now pending before the Court is Defendant's Motion to Dismiss Plaintiff's First Amended Complaint ("FAC") for failure to state a claim. After carefully considering the arguments and briefing submitted, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and GRANTS the motion to dismiss with leave to amend.

**ALLEGATIONS OF THE COMPLAINT**

This action arises out of the death of Plaintiff's son, Stephen Frazee, while in the custody of the Marin County Jail. Mr. Frazee was detained at the jail from February 25, 2013 through his death on March 1, 2013. (FAC at 4:25-28.) During his incarceration he suffered from serious medical needs including "severe and untreated drug withdrawal, suicidality and emotional disturbance." (*Id*. at 4:20-24.) Plaintiff alleges that the deputies, jail administrators, medical director, medical personnel and law enforcement officers of the Marin County jail system were aware of her son's serious medical needs, but failed to provide a safe detoxification environment or address his suicidal tendencies. (*Id*. at 4:28-5:4.) In particular, jail and medical personnel failed to properly assess and classify his medical needs after Mr. Frazee told them that he was

1  suicidal. (*Id*. at 5:17-24.) Instead, the guards returned him to lockdown and did not send him for
2  a further evaluation to a psychiatrist. (*Id*. at 5:24-6:8.) They also failed to place him on a suicide
3  watch because he allegedly told the guards that he had been joking. (*Id*. at 6:27-7:4.) Jail
4  personnel failed to properly and adequately monitor Mr. Frazee, although they knew or had reason
5  to know that he was in need of immediate medical care. (*Id*. at 7:10-20.) Jail personnel further
6  failed to provide safe and adequate housing free of dangerous conditions because they returned
7  Mr. Frazee to his cell where he somehow obtained the tools to cut his bed sheets. (*Id*. at 7:21-
8  9:3.) As a result of the jail personnel's failure to provide medical care and monitor his condition,
9  Mr. Frazee committed suicide by hanging himself in his cell on March 1, 2013.
10     Following her son's suicide, Plaintiff alleges that a Detective Logan of the Novato Police
11 Department told her that her son "got what he wanted" and that "it only took three minutes." (*Id*.
12 at 9:23-28.)

## PROCEDURAL BACKGROUND

14     Prior to filing this lawsuit, Plaintiff's ex-husband filed a tort claim regarding the death of
15 his son. It was denied on October 21, 2013.
16     Plaintiff filed this lawsuit a little over six months later. Plaintiff was granted leave to
17 proceed in forma pauperis, but her complaint was dismissed under 28 U.S.C. § 1915(e)(2) for
18 failure to state a claim on which relief could be granted because Plaintiff did not state under what
19 law she brought her claim or otherwise indicate how she was entitled to relief. (Dkt. No. 8.)
20 Plaintiff failed to file an amended complaint by deadline to do so and the Court dismissed her
21 complaint with prejudice on August 18, 2014. (Dkt. No. 9.) Less than a month later, Plaintiff
22 filed a motion to reopen the case citing Fed. R. Civ. P. 60(b)(1), and Fed. R. Civ. P. 60(b)(6)
23 which the Court granted. (Dkt. No. 12.)
24     Plaintiff filed her First Amended Complaint ("FAC") shortly thereafter. Plaintiff's FAC
25 pleads claims for: (1) deliberate indifference to medical needs under the Eight Amendment in
26 violation of 42 U.S.C. § 1983; (2) intentional infliction of emotional distress; (3) negligence; (4)
27 violation of the Americans with Disabilities Act ("ADA"); (5) violation of Section 504 of the
28 Rehabilitation Act ("Rehab Act"); (6) violation of California Civil Code §§ 51, 51.7, 52, 52.1, 54,

1   and 54.1; and (7) violation of California Government Code § 845.6.

2   Because Plaintiff had been granted leave to proceed in forma pauperis, the Clerk was
3   directed to issue the summons for service by the U.S. Marshal for the Northern District of
4   California. (Dkt. No. 16.) The Court's order regarding service noted that Plaintiff had named the
5   "Marin County Jail" as the Defendant, which is administered by the Marin County Sheriff. *See,*
6   *e.g., Anaya v. Marin Cnty. Sheriff*, No. 13-CV-04090-WHO, 2014 WL 6660415, at *5 (N.D. Cal.
7   Nov. 24, 2014) (dismissing pro se civil rights complaint arising out of plaintiff's detention at the
8   Marin County Jail because plaintiff had not alleged a plausible claim for relief against the Marin
9   County Sheriff's Department). The Court thus directed the Marshal to serve the complaint on the
10  Marin County Sheriff's Department.

11  Marin County Counsel thereafter appeared on behalf of the Marin County Sheriff's
12  Department and filed the underlying motion to dismiss which Plaintiff opposes. (Dkt. Nos. 22, 25
13  & 34.)

**LEGAL STANDARD**

15  A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the
16  sufficiency of the complaint where the action fails to allege "enough facts to state a claim to relief
17  that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has
18  facial plausibility when the plaintiff pleads factual content that allows the court to draw the
19  reasonable inference that the defendant is liable for the misconduct alleged. The plausibility
20  standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that
21  a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations
22  omitted). Under Federal Rule of Civil Procedure 8(a) (2) a party is only required to make "a short
23  and plain statement of the claim showing that the pleader is entitled to relief, in order to give the
24  defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550
25  U.S. at 554 (internal citations and quotations omitted). For purposes of ruling on a Rule 12(b)(6)
26  motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the
27  pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire &*
28  *Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, even under the liberal pleading

1  standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the
2  grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic
3  recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal
4  citations and quotations omitted).  "Determining whether a complaint states a plausible claim for
5  relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial
6  experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009).

7  Pro se pleadings are generally liberally construed and held to a less stringent standard.
8  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In *Hebbe v. Pliler*, 627 F.3d 338 (9th Cir. 2010),
9  the Ninth Circuit held that courts must still liberally construe pro se filings post-*Iqbal* noting that
10 "[w]hile the standard is higher, our obligation remains, where the petitioner is pro se, particularly
11 in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of
12 any doubt." *Id*. at 342 (internal quotations and citations omitted).  Nevertheless, the Court may
13 not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of
14 the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

15 If a Rule 12(b)(6) motion is granted, a "district court should grant leave to amend even if
16 no request to amend the pleading was made, unless it determines that the pleading could not
17 possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir.
18 2000) (en banc) (internal quotation marks and citations omitted).

**DISCUSSION**

20 The Marin County Sheriff's Department moves to dismiss contending that Plaintiff fails to
21 state a claim upon which relief can be granted because (1) Plaintiff cannot state a claim against
22 the Marin County Jail as it is not a "person" under Section 1983, and (2) Plaintiff's claims fail to
23 state a claim upon which relief can be granted.  The Court addresses each basis for dismissal in
24 turn.

**A. Plaintiff has Failed to Name the Proper Defendant**

26 Under § 1983, a "person" may be sued for the deprivation of federal rights, and
27 municipalities or other governmental bodies may be sued as a "person." *Monell v. Dep't of Soc.*
28 *Servs.*, 436 U.S. 658, 690 (1978).  Plaintiff names the Marin County Jail as the sole Defendant;

4

however, an agency or department of a municipal entity is not a proper defendant under § 1983. *Vance v. Cnty. of Santa Clara*, 928 F.Supp. 993, 996 (N.D. Cal. 1996). Rather, the county itself is the proper defendant. *See id*. Further, "[a] municipality cannot be held liable solely because it employs a tortfeasor-or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. Dep't of Soc. Servs*., 436 U.S. 658, 691(1978). Municipal liability under *Monell* may be established in any of three ways: (1) "the plaintiff may prove that a city employee committed the alleged constitutional violation pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity;" (2) "the plaintiff may establish that the individual who committed the constitutional tort was an official with final policy-making authority and that the challenged action itself thus constituted an act of official governmental policy;" or (3) "the plaintiff may prove that an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it." *Gillette v. Delmore*, 979 F.2d 1342, 1346–47 (9th Cir.1992).

Plaintiff's Section 1983 claim for deliberate indifference contends that the jail was deliberately indifferent to her son's serious medical needs and this was the direct proximate cause of her son's death. Plaintiff also alleges that her son's death was the result of unconstitutional customs, policies, and procedures of the Marin County Sheriff's Department and that the County of Marin failed to properly and adequately hire, train, supervise, investigate, monitor and discipline its Sheriff's deputies and medical personnel. (Dkt. No. 15 at 10:6-27.) Plaintiff concedes that her suit improperly names the Marin County Jail and suggests that her suit proceed instead against the Marin County. (Dkt. No. 34 at 2:4-10.) Plaintiff's claims against the Marin County Jail are therefore dismissed with leave to amend to name Marin County as the proper defendant. For purposes of this Order, the Court will address the County's liability for any claims that are alleged against the Jail.

### B. Plaintiff's Remaining Claims

Plaintiff's opposition brief indicates that she no longer seeks to pursue any claims under

the ADA or Rehab Act,[1] and suggests that she only seeks to plead claims of (1) deliberate indifference under Section 1983; (2) negligence; and (3) intentional infliction of emotional distress. As set forth below, Plaintiff's allegations as to these claims fail to state a claim upon which relief could be granted and must be dismissed with leave to amend.

### 1. Deliberate Indifference

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). However, "claims by pretrial detainees are analyzed under the Fourteenth Amendment Due Process Clause, rather than under the Eighth Amendment," *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir.1998); s*ee also Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1241–42 (9th Cir. 2010) (the Eighth Amendment's deliberate indifference standard applies to pretrial detainees' Fourteenth Amendment rights).[2] In the Ninth Circuit, the test for "deliberate indifference" consists of two parts: (1) the plaintiff must show a "serious medical need"; and (2) the plaintiff must show that the defendant's response to the need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Indifference may appear where officials deny, delay, or intentionally interfere with medical treatment. *Id*. To establish deliberate indifference, a plaintiff must show a purposeful act or failure to act on the part of the defendant and resulting harm. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). For purposes of municipal liability under *Monell*, "to impose liability against a county for its failure to act, a plaintiff must show: (1) that a county employee violated the plaintiff's constitutional rights; (2) that the county has customs or policies that amount to deliberate indifference; and (3) that these customs or policies were the moving force behind the employee's violation of constitutional rights." *Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1186 (9th Cir. 2006)

---

[1] The Court assumes Plaintiff has also abandoned her California Disabled Persons Act, Cal. Civ. Code §§ 52, 54 and 54.1 as well. Further, because Plaintiff has not included any allegations as to her Cal. Civ. Code §§ 51, 51.7 claims, the Court likewise assumes that they are withdrawn.

[2] It is unclear here in what capacity Stephen Frazee was being detained at the Marin County Jail.

Plaintiff alleges that the County was deliberately indifferent to her son's serious medical needs by failing to provide proper medical care, monitoring, and treatment for his severe drug withdrawal and suicidal ideations. She contends that this deliberate indifference was the result of the County's "failure to institute appropriate policies, procedures, training and oversight to provide appropriate care for inmates with these serious medical needs." (FAC at 8:12-17.) These allegations may be sufficient to state a claim for *Monell* liability. *See Frary v. Cnty. of Marin*, No. 12-CV-03928, 2015 WL 858776, at *13 (N.D. Cal. Feb. 25, 2015) (denying summary judgment as to plaintiffs' *Monell* claims regarding inadequate monitoring of inmates with serious medical needs and inadequate communication between jail and medical personnel regarding inmates serious medical needs).

To the extent that Plaintiff seeks to plead a claim against any individual jail or medical personnel, she has failed to tie her allegations to the acts of any particular defendant, including a specific doe defendant. Where the defendants' identities are not known prior to filing the action, an action should not be dismissed without giving the plaintiff an opportunity to identify the defendants through limited discovery, "unless it is clear that discovery would not uncover the identities or that the complaint would be dismissed on other grounds." *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir.1999) (internal citation and quotation marks omitted).

Accordingly, Plaintiff's deliberate indifference claim is dismissed as to the Marin County Jail with leave to amend to name Marin County as the defendant for any *Monell* claims and to include specific allegations as to any doe defendants if Plaintiff so chooses.

### 2. Negligence

It is unclear whether Plaintiff's negligence claims are predicated on a violation of California Government Code Section 845.6 or another theory of negligence. Plaintiff alleges that the County was negligent in taking her son off suicide watch and failing to monitor him with any frequency such that he was able to obtain the tools to cut his sheets and hang himself. (FAC at 7:21-8:4.). She further alleges that the County was negligent in "failing to properly and adequately hire, investigate, train and supervise monitor, instruct, and discipline its sheriffs, deputies, medical personnel." (Id. at 10:21-27.)

1   To the extent that Plaintiff's negligence claim is predicated on a violation of Section 845.6,
2   liability arises where "a public employee, and the public entity where the employee is acting
3   within the scope of his employment... knows or has reason to know that the prisoner is in need of
4   immediate medical care and he fails to take reasonable action to summon such medical care." Cal.
5   Gov't Code § 845.6.1.  Accordingly, "[i]n order to state a claim under [section] 845.6, a prisoner
6   must establish three elements: (1) the public employee knew of or had reason to know of the need
7   (2) for immediate medical care, and (3) failed to reasonably summon such care." *Jett*, 439 F.3d at
8   1099 (citing Cal. Gov't Code § 845.6). "Liability under section 845.6 is limited to serious and
9   obvious medical conditions requiring immediate care." *Lucas v. Cnty. of Los Angeles*, 47
10  Cal.App.4th 277, 287–88 (1996) (internal citations and quotations omitted).

11  The Sheriff's Department argues that it is immune from liability for a violation of section
12  845.6 by virtue of the immunity provision at Government Code sections 855.6, which, among
13  other things, confers immunity on public employees and entities for injury caused by "the failure
14  to make a physical or mental examination." But on its face, section 855.6 does not apply to
15  Plaintiff's claims arising out of the failure to monitor or summon medical care; only to the failure
16  to "make a physical or mental examination."  The statute is therefore inapplicable to Plaintiff's
17  section 845.6 claim.  *See, e.g., Lum v. Cnty. of San Joaquin*, 756 F.Supp.2d 1243, 1257 (E.D. Cal.
18  2010) (holding section 855.6 inapplicable where plaintiff alleged a "failure to refer decedent for
19  evaluation rather than a failure as a result of diagnosis or treatment").

20  Thus, to the extent that Plaintiff can allege that jail or medical personnel actually knew or
21  should have known of her son's serious medical needs and failed to summon medical care,
22  Plaintiff can state a claim against the County under Section 845.6.  *See Castaneda v. Dep't of*
23  *Corr. & Rehab.*, 212 Cal. App. 4th 1051, 1070 (2013), review denied (May 1, 2013) ("section
24  845.6 creates out of the general immunity a limited cause of action against a public entity for its
25  employees' failure to summon immediate medical care only.").  However, given Plaintiff's
26  admission that her son told jail personnel that he had been kidding about his suicidal thoughts,
27  Plaintiff must plead facts which show that notwithstanding this statement the jail personnel should
28  have known that he presented a serious medical need for which they neglected to summon medical

8

1   care. Plaintiff's Section 845.6 claim is therefore dismissed with leave to amend.

2         To the extent that Plaintiff also seeks to plead negligence claims predicated on a theory of
3   medical negligence or wrongful death, Plaintiff has not identified a statutory basis for such a
4   negligence claim against the County. California law provides that "[e]xcept as otherwise provided
5   by statute ... [a] public entity is not liable for an injury, whether such injury arises out of an act or
6   omission of the public entity or a public employee or any other person." Cal. Gov't Code §
7   815(a). Although Section 815.2(a) permits vicarious liability for the negligent acts of its
8   employees, Section 815(a) prohibits direct liability in tort except as specifically provided by
9   statute. *Caldwell v. Montoya*, 10 Cal.4th 972, 980 (1995).

10        Further, Plaintiff has not pled a basis for individual liability as to any particular jail or
11  medical personnel. The elements of a California wrongful death negligence claim are: "(1) a
12  'wrongful act or neglect' on the part of one or more persons that (2) 'cause[s]' (3) the 'death of
13  [another] person.' " *Norgart v. Upjohn Co*., 21 Cal.4th 383, 390 (1999) (quoting Cal. Civ. Proc.
14  Code § 377.60) (alterations in original)). Plaintiff has not alleged a specific wrongful or negligent
15  act on the part of a person or persons which caused Mr. Frazee's death; instead, Plaintiff has pled
16  actions committed by unspecified jail and medical personnel.

17        Likewise, to state a claim for negligence predicated on medical malpractice under
18  California law the plaintiff must establish: "(1) the duty of the professional to use such skill,
19  prudence, and diligence as other members of his profession commonly possess and exercise; (2) a
20  breach of that duty; (3) a proximate causal connection between the negligent conduct and the
21  resulting injury; and (4) actual loss or damage resulting from the professional's negligence." *Gami*
22  *v. Mullikin Med. Ctr*., 18 Cal. App. 4th 870, 877 (1993). The FAC refers to medical personnel
23  generally, but fails to plead any specific acts taken by a medical provider. Plaintiff's allegations
24  that the medical director and medical personnel knew that Mr. Frazee had serious medical needs,
25  including severe drug addition and withdrawal and suicide risk, are insufficient as Plaintiff has not
26  named the medical director and/or medical personnel. (FAC at 5:1-10.)

27        Plaintiff's wrongful death and/or medical malpractice negligence claims are thus dismissed
28  with leave to amend to the extent that Plaintiff can plead a statutory basis for liability as to the

1  County or to name particular individuals who committed specific actions sufficient to state a claim
2  for negligence.

### 3. Intentional Infliction of Emotional Distress

In order to state a claim for Intentional Infliction of Emotional Distress, Plaintiff must allege: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Christensen v. Superior Court*, 54 Cal.3d 868, 903 (1991). Plaintiff must also allege that Defendant "engaged in conduct intended to inflict injury or engaged in with the realization that injury will result." *Id*. (internal quotation marks and citation omitted).

Here, Plaintiff has not alleged any particular acts of jail or medical personnel which caused her emotional distress.  Her one allegation of emotional distress relates to a statement made by a Detective Logan of the Novato Police Department; however, neither Detective Logan, the Novato Police Department, nor the City of Novato are named as defendants.  Plaintiff has thus failed to state a claim for intentional infliction of emotional distress and the claim is dismissed with leave to amend.

### CONCLUSION

For the reasons explained above, the Marin County Sheriff's Department's motion to dismiss (Dkt. No. 25) is GRANTED with leave to amend.  Any amended complaint must name the proper defendant, i.e., Marin County and any individual defendants, including doe defendants, and shall address the other issues raised in this order regarding Plaintiff's substantive legal claims.  If Plaintiff elects to file a second amended complaint she must do so by **April 16, 2015**.

**IT IS SO ORDERED.**

Dated:  March 18, 2015

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE